IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No.  04-cv-00701-LTB-MJW

NICOLAS MEDRANO,

      Plaintiff,

v.

KARL SCHERCK,

      Defendant.

---

ORDER

---

The Plaintiff,  Nicolas Medrano ("Medrano"), filed suit in Colorado state court against

the Defendant, Karl Scherck ("Scherck"), after Scherck, a Westminster, Colorado police officer,

allegedly negligently and fatally shot Mr. Medrano's son.  After Mr. Scherck filed a Motion to

Dismiss for lack of subject matter jurisdiction, Mr. Medrano amended the Complaint, pressing

an additional claim under 42 U.S.C. § 1983.  Mr. Scherck then removed the case to this Court

within the time prescribed in 28 U.S.C. § 1446(b), noticed Mr. Medrano's deposition, and made

various requests for written discovery.  Mr. Medrano failed to respond and eventually ceased

communications with his attorneys, who moved for leave to withdraw from the case.  After Mr.

Scherck moved for dismissal of the case pursuant to Rules 37(d) and 41(b) of the Federal Rules

of Civil Procedure, Mr. Medrano's attorneys located Mr. Medrano, who now indicates his

willingness to participate in litigation.

Pending are the motion to dismiss for lack of prosecution and failure to participate in

discovery and a motion to dismiss Mr. Medrano's state law negligence claim because barred by

Mr. Scherck's immunity from suit.  The motions are adequately briefed and oral argument would

not materially aid their resolution.  For the reasons set forth below, I GRANT IN PART and

DENY IN PART the former motion and HOLD IN ABEYANCE the latter.

## I.  Allegations

The following allegations appear in the Amended Complaint.

On September 22, 2003, while acting as an officer of the Westminster, Colorado Police

Department ("WPD"), Mr. Scherck allegedly shot Sergio Alejandro Medrano, Mr. Medrano's

son.  Sergio Medrano, who died as a result of the gunshot, was allegedly unarmed at the time.

Mr. Medrano alleges that Mr. Scherck's use of deadly force under the circumstances was

unreasonable and without justification.  The circumstances of the shooting are not alleged in the

Amended Complaint.

Mr. Medrano asserts a state law claim for negligence and wrongful death, a claim

pursuant to 42 U.S.C. § 1983, and a claim for exemplary damages on an unidentified theory.

## II.  Failure to prosecute

Mr. Medrano filed his original complaint on December 8, 2003.  The case was removed

here on April 8, 2004.  A January 5, 2005 settlement conference was vacated because Mr.

Medrano's counsel could not locate him.  On January 26, 2005, Mr. Scherck served written

discovery requests upon Mr. Medrano's counsel.  Mr. Medrano has not responded to those

requests.  Mr. Scherck noticed Mr. Medrano's deposition for April 1, 2005.  Mr. Medrano did

not appear on that date.

Mr. Medrano has affirmed by affidavit that he has been ill with diabetes, traveling

between Texas and Colorado, and without a telephone for lack of funds to pay his telephone bills. He indicates his willingness to be deposed, to participate in discovery, and to appear at trial.

Dismissal is an extreme sanction appropriate only in cases of extreme conduct or where no lesser sanction will deter the errant party from further misconduct. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992); *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988). Mr. Scherck does not argue, and the record does not indicate, that Mr. Medrano acted willfully. Any prejudice to Mr. Scherck can be ameliorated by a vacation of the trial date. *Contrast Ehrenhaus*, 965 F.2d at 921-922.

Mr. Scherck points to the recent amendment of Rule 37(d), which eliminated the willfulness requirement. Though I am not required to find willfulness or bad faith before sanctioning Mr. Medrano, I must do so before choosing the particularly drastic sanction of dismissal. *Archibeque v. Atchison, Topeka and Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995). Mr. Scherck also asserts that, after Mr. Medrano's attorneys moved to withdraw from the case, he assumed that Mr. Medrano would not prosecute the case further. I note, however, that Mr. Scherck continued to make discovery requests after that time. I presume he did so either prophylactically or to gain a strategic advantage. In either event, he evidently anticipated the possibility that the matter might be renewed.

I will order that the trial date be vacated and reset to allow Mr. Scherck adequate time to conduct discovery and prepare his defense. Also, Mr. Medrano has forfeited his right to depose Mr. Scherck. He has shown little interest to date in preparing his case for trial and Mr. Scherck is entitled after this extensive delay not to expect to appear for a deposition.

### III. Immunity

Mr. Scherck argues that Mr. Medrano's state law claim for negligence is barred by the

Colorado Governmental Immunity Act, Colo. Rev. Stat. § 24-10-101 *et seq.* ("Immunity Act").

Section 24-10-1-5 of the Immunity Act provides, *inter alia*, "[N]o public employee shall be

liable for injuries arising out of an act or omission occurring during the performance of his duties

and within the scope of his employment, unless such act or omission was willful and wanton,

except as provided in this article." Section 24-10-106 further provides, *inter alia*,

> (1) A public entity shall be immune from liability in all claims for injury which lie in tort
> or could lie in tort regardless of whether that may be the type of action or the form of
> relief chosen by the claimant except as provided otherwise in this section. Sovereign
> immunity is waived by a public entity in an action for injuries resulting from [one of
> certain enumerated acts].
> ...
> (2) Nothing in this section... shall be construed to constitute a waiver of sovereign
> immunity where the injury arises from the act, or failure to act, of a public employee
> where the act is the type of act for which the public employee would be or heretofore has
> been personally immune from liability.

Mr. Scherck's alleged wrongdoing does not fall within the any of the exceptions

contained in Section 24-10-106 (1). Mr. Medrano has not alleged that Mr. Scherck acted

willfully or wantonly. The only question remaining is whether Mr. Scherck acted in the

performance of his duties and within the scope of his employment.

Mr. Medrano has proffered a report of the Denver District Attorney, which indicates that

Mr. Scherck was off-duty at the time of the shooting and was acting as a private citizen. Mr.

Scherck nevertheless offers to prove the contents of a WPD directive that purportedly brings him

within the protection of the Immunity Act and he asks for an evidentiary hearing pursuant to

*Trinity Broadcasting v. Westminster*, 848 P.2d 916 (Colo. 1993). A motion to dismiss invoking

the Immunity Act raises a jurisdictional issue; the plaintiff has the burden of demonstrating

jurisdiction. *Padilla ex rel. Padilla v. School Dist. No. 1 in City and County of Denver*, 25 P.3d

1176, 1180 (Colo. 2001); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974.

When the facts concerning jurisdiction under the Immunity Act are in dispute, I am charged with

conducting an evidentiary hearing before ruling on the jurisdictional issue. *Padilla*, 25 P.3d at

1180; *Maestas v. Lujan*, 351 F.3d 1001, 1016 (10th Cir. 2003).

Mr. Medrano asks for leave to conduct discovery.  I note that Mr. Medrano filed his

original Complaint on December 8, 2003, that, after a continuance requested by Mr. Medrano, a

scheduling conference was held in this case on November 5, 2004, and that a trial date has been

set.  I assume that the parties will be prepared for the evidentiary hearing concerning jurisdiction.

Accordingly, it is ORDERED that

1) the motion to dismiss for failure to prosecute and failure to participate in discovery is

GRANTED IN PART and DENIED IN PART;

2) the trial date set December 5, 2005 and trial preparation conference set November 4, 2005 are

vacated and shall be reset for a date convenient for the Court;

3) Mr. Scherck is excused from giving any depositions;

4) the motion to dismiss for lack of subject matter jurisdiction is HELD IN ABEYANCE; and

5) an evidentiary hearing will be held on September 26, 2005 at 8:00 A.M. in Courtroom A201,

Alfred A. Arraj United States Courthouse, 901 - 19th Street, Denver, Colorado.

Dated: August __12__, 2005, in Denver, Colorado.

BY THE COURT:

___s/Lewis T. Babcock_____
Lewis T. Babcock, Chief Judge